989 F.2d 494
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles S. MYERS, Plaintiff-Appellant,
v.
Michael P.W. STONE, Secretary of the Army, Defendant-Appellee.
 No. 92-1905.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 9, 1993.
Decided March 1, 1993.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. W. Earl Britt, District Judge. (CA-91-7-3-BR).
 Charles S. Myers, plaintiff-appellant pro se.
 Paul Martin Newby, Office of the U.S. Atty., Raleigh, NC, for defendant-appellee.
 E.D.N.C.
 AFFIRMED.
 Before HAMILTON and LUTTIG, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Charles S. Myers appeals from the district court's order granting judgment for Defendant and dismissing his action. Myers filed an action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. § 2000e-16 (West 1981 & Supp.1992), the Rehabilitation Act of 1973, as amended, 29 U.S.C.A. § 791 (West Supp.1992), and the Civil Service Reform Act, 5 U.S.C. §§ 7116(a)(1), (4) (1988). Because our review of the record reveals that this appeal does not present any meritorious issues, we affirm.
 
 
 2
 Myers alleged that he was discharged from his job as a pharmacy technician with the Department of the Army because of his disability (alcoholism and alcoholism induced stress disorder) and in reprisal for filing an Equal Employment Opportunity (EEO) claim. Myers also alleged that his discharge was in reprisal for his union grievance in violation of the Civil Service Reform Act. Myers sought reinstatement to his former position with back pay, attorney's fees, costs, and damages. At the conclusion of a bench trial, the district court found in favor of Defendant and dismissed the case. Myers timely appealed.
 
 
 3
 Myers failed to carry his burden of proof to show discriminatory discharge. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981); Gairola v. Virginia Dep't of Gen. Servs., 753 F.2d 1281 (4th Cir.1985). Further, Myers failed to demonstrate the required nexus between his initiation of an EEO claim and his discharge, because Myers' discharge was proposed in July 1989 and he did not file his EEO claim until October 1989. Finally, Myers failed to prove any connection between his union grievances and the deliberate misconduct for which he was discharged.
 
 
 4
 Because we conclude that the district court's determination was not clearly erroneous, we affirm the district court's order dismissing this case. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.